No. 656

First Circuit

D'AGOSTINO v. VIVIRITO

(October 8, 1930. Opinion and Decree.)

Jos. Nicolosi, of Plaquemine, attorney for plaintiff, appellant.

Dupont & Dupont, of Plaquemine, attorneys for defendant, appellee.

LeBLANC, J. Plaintiff, in his original petition, presented a demand against the defendant for the sum of $282.02, presumably on an open account for goods, wares, and merchandise alleged to have been sold by him to the defendant, at the latter's request. He recites certain sales dating as far back as January, 1924. He alleges that on May 11, 1925, defendant gave him his check for $150 to be applied on his account, but that upon presenting it to the bank on which it had been drawn, payment was refused for the lack of sufficient funds to the credit of defendant with which to pay it. He further avers that he afterwards presented it several times at the bank, but always with the same result.

On being met with an exception of vagueness, plaintiff filed a supplemental petition from the contents of which it appears that he reduces his claim from the sum of $282.02 to the sum of $179.95. As we understand the demand under this supplemental petition, plaintiff asked judgment for the full amount of the unpaid check of $150 and an additional amount of $29.95 which he claims is due on an open account which ran from October 8, 1924, to February 6, 1925.

The defendant answered, denying any indebtedness whatsoever. He admits having made and given plaintiff the check described in the petition and annexed thereto, but alleges that the same was given under circumstances which he details, and which, as we understand them, implicates the plaintiff in the compounding of a felony. He avers that it was the understanding between them, at the time it was given, that it was never to be presented for payment, but simply to be used as a means to obtain reimbursement from another party for some of plaintiff's property which had

been purchased by him from defendant's son who was alleged to have stolen it, and thus save the latter from criminal prosecution. For the reason set out in his answer, the defendant pleads that the check was without consideration.

From an adverse judgment in the lower court, the plaintiff has appealed.

Defendant's son, Joe Vivirito, was working for the plaintiff, who was a merchant in the town of Plaquemine, La. During the time of his employment, plaintiff missed quite a lot of goods, including boxes of apples, cabbages, sugar, and a quantity of paint. He says that he had reason to suspect defendant's son of having stolen the goods and complained to the sheriff of the parish. On investigation, the sheriff found some of the stolen paint in the possession of one Martin Mirandi. Defendant's son was then apprehended and placed in the parish jail. It does not appear positively that any direct charge was preferred against him, but we are satisfied from what evidence we find that he was actually incarcerated in prison. It is unfortunate, in a way, that the sheriff who made the investigation and who handled the whole matter had died at the time the case was tried and we are denied the benefit of his testimony, which, we feel, might have thrown much light on an important phase of the case. If the defendant's son was not actually charged with the commission of the crime, it may be regarded as pretty certain that both he and Mirandi were threatened with prosecution, the former for having

stolen the goods, and the latter for having bought them knowing that they were stolen.

It was after Joe Vivirito had been put in jail that the check here sued on was given by the defendant to plaintiff, who had also obtained one for a like amount from Mirandi.

The plaintiff's contention is that the checks were taken in payment for the value of the goods which had been stolen, and which, he testifies, amounted to more than $300. Defendant insists that the check he gave was given under the circumstances alleged in his answer, namely, that there was a well-defined agreement between them that the plaintiff would hold it and use it before Mirandi to influence the latter to pay him, after which it was to be returned to the defendant or destroyed. He testifies that this plan evolved in the plaintiff's mind, and, as far as he was concerned, he seemed to have been willing to yield readily to it, inasmuch as it was to cost him nothing and would be the means whereby his boy would obtain his release from jail and be saved from criminal prosecution.

Mirandi's testimony, offered by the plaintiff in rebuttal, as well as the circumstances surrounding the whole transaction, support the defendant's contention. The quantity of paint found in Mirandi's possession did not amount in value to anything like the sum of $150, and he makes it plain that he paid that amount to be spared a criminal prosecution. The defendant's son was released from prison as soon as the checks were given, and he was never prosecuted. We are satisfied therefore that, irrespective as to whether or not the check given by defendant was to be destroyed or returned to him, it was accepted by the plaintiff as a compromise for the legal wrong he claims to have suffered and also for the purpose of suppressing a criminal proceeding in court. A check or note given under such circumstances lacks the consideration necessary to make it enforceable by the payee against the maker.

"Compounding a public offense, whether felony or misdemeanor, is essentially immoral; not malum prohibitum, but malum in se. Accordingly it has become a settled rule of law that any contract or instrument, the consideration of which is the concealment, suppression or compounding of an offense, is unenforceable by the payee or one having notice of the facts." Ruling Case Law, vol. 3, p. 957, par. 155.

"Where a note or other contract for the payment of money is given in settlement of a civil liability for a criminal act, and also for the purpose of suppressing a criminal prosecution for such act, the note or contract is not enforceable." Ibid, p. 958, par. 157.

"A promissory note which has for its consideration the discontinuance, by the holder of the note, of certain proceedings instituted by him against a party for obtaining money under false pretenses, is void." Ozanne v. Haber, 30 La. Ann. 1384.

Regarding the claim of plaintiff for the $29.95 on the alleged open account, we find the defendant positively denying the purchases, and we agree with the learned trial judge that plaintiff has failed to prove by a preponderance of evidence the indebtedness alleged to be due thereunder.

The judgment appealed from is correct, and it is therefore affirmed.